UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO R.R.,[1] | No. 1:26-cv-01991-TLN-CKD |
| Petitioner, | A# 240-478-368 |
| v. | |
| WARDEN OF THE CALIFORNIA CITY CORRECTIONAL CENTER, et al., | **ORDER** |
| Respondents. | |

This matter is before the Court on Petitioner Guillermo R.R.'s ("Petitioner") Petition for Writ of Habeas Corpus ("the Petition"). (ECF No. 1.) Respondents filed an opposition. (ECF No. 9.) Petitioner replied. (ECF No. 14.) For the reasons set forth below, the Petition is GRANTED.[2]

---

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

[2] On April 23, 2026, the Court granted the Petition via minute order and ordered Respondents to immediately release Petitioner. (ECF No. 16.) This Order explains the Court's reasoning.

1

## I.     FACTUAL AND PROCEDURAL BACKGROUND[3]

Petitioner is not a citizen of the United States but he has lived here continuously since he was 16 years old.  (ECF No. 1 at 1; ECF No. 15 at 2.)  In 2007 — 19 years ago —Petitioner entered the United States.  (ECF No. 1 at 1.)  For the last two decades, Petitioner has established deep ties with his community.  (*Id.*)  He is the father of six children (ranging from ages 3 to 12), who depend on him emotionally and financially.  (*Id.* at 1, 7–12.)  He is also a member of a faith community.  (*Id.* at 13–15, 19.)  Petitioner has no criminal convictions.  (*Id.* at 1–2.)  Nor is there an order of removal for Petitioner.  (*See* ECF No. 9-1 at 2–3.)

On January 19, 2026, U.S. Immigration and Customs Enforcement ("ICE") detained Petitioner in New York.  (ECF No. 9-1 at 2.)  ICE was conducting an operation to arrest a different individual than Petitioner.  (*Id.*)  While they were looking for the other individual, ICE officers encountered Petitioner and questioned him.  (*Id.*)  Petitioner complied with the officers' questions and, ultimately, Petitioner was arrested for his immigration status.  (*Id.*)  Petitioner is currently detained at the California City Correctional Center.  (ECF No. 1 at 1.)

Throughout his detention, Respondents have not provided Petitioner with a bond hearing.  (*Id.* at 2.)  Petitioner has now been detained for three months without an opportunity to be heard.  (*Id.*)

Petitioner filed the instant Petition for Writ of Habeas Corpus challenging the lawfulness of his civil detention and seeking immediate release.  (ECF No. 1.)  Petitioner filed the Petition through his next friend, Ms. Belisario.  (*Id.* at 4.)  Thereafter, the Court appointed counsel for Petitioner.  (ECF No. 10.)  The Court now considers the merits of the Petition after full briefing.[4]

## II.     STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004)

---

[3]     The facts are not disputed.

[4]     To avoid further delay and avoid continued irreparable harm, the Court rules on the first-filed and fully-briefed habeas petition, rather than the amended petition that was filed without leave of Court.  Thus, the Court strikes the First Amended Petition.  (ECF No. 12.)

(citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention.  *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

### III.   ANALYSIS

Petitioner claims his detention without a bond hearing violates the Fifth Amendment Due Process Clause.  (ECF No. 1 at 2.)  In opposition, Respondents make two arguments: (1) the Court lacks jurisdiction to grant the Petition because Petitioner's next friend did not have standing to file on his behalf, and (2) Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2).  (ECF No. 9.)  The Court begins with Respondents' standing argument before turning to Petitioner's Fifth Amendment claim.

#### A. Next Friend Standing

An "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."  28 U.S.C. § 2242.  Individuals appearing on behalf of detained prisoners unable to seek relief themselves are known as "next friends."  *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990).  "A 'next friend' does not [herself] become a party to the habeas corpus action in which [she] participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest."  *Id*. at 163.  To have standing, the "next friend" must establish: "(1) that the petitioner is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability; and (2) the next friend has some significant relationship with, and is truly dedicated to the best interests of, the petitioner."  *Massie ex rel. Kroll v. Woodford*, 244 F.3d 1192, 1194 (9th Cir. 2001).  Additionally, to proceed as a "next friend" on a habeas petition, the "next friend" must be

3

represented by counsel as pro se litigants have no authority to represent anyone other than themselves. *Cheema v. Warden*, No. 1:26-CV-00203-DC-DMC, 2026 WL 124841, at *2 (E.D. Cal. Jan. 16, 2026) (citing *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997); *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008)).

The Court finds Ms. Belisario has established standing to proceed as "next friend" on behalf of Petitioner.  First, Ms. Belisario identifies that, while in detention, Petitioner has limited access to legal materials, he did not have legal representation at the time of filing, he was transferred to different detention facilities through multiple states, and he was unable to effectively pursue the habeas petition on his own. (*Id.* at 4.) *See*, e.g., *Barrera v. Bondi, et al.*, No. 1:26-CV-02486-KES-CDB, 2026 WL 913222, at *2 (E.D. Cal. Apr. 3, 2026) (finding language barriers, lack of access to legal resources, and the severe limitations of detention satisfy the first factor to meet the requirements for next friend).

Second, Ms. Belisario attests that she is a long-time friend of Petitioner and his family and she maintains regular communication with him and the family. (*Id.*) *See He v. Johnson, et al.*, No. 1:26-CV-02610-KES-CDB, 2026 WL 959973, at *1 (E.D. Cal. Apr. 9, 2026) (long-time friend sufficient relationship to meet second factor for as next friend).  Moreover, Ms. Belisario avers that she is "dedicated to acting solely in [Petitioner's] best interests." (*Id.*)

Finally, Ms. Belisario filed a motion to appoint counsel, which this Court granted and counsel has since enrolled in this case. (ECF Nos. 6, 10.)  Petitioner and his next friend now proceed in this action with the representation of counsel. (ECF No. 10.)

Accordingly, the Court finds Ms. Belisario sufficiently had "next friend" standing to file a habeas petition on behalf of Petitioner and now properly proceeds in this action with representation.  Thus, this Court has jurisdiction to address the merits of the Petition.

### B. Fifth Amendment Violation

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law.  U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017).  The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status. *Zadvydas*,

4

533 U.S. at 693 ("[T]he Due Process Clause applies to all 'persons' within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent."). These due process rights extend to immigration proceedings, including detention and deportation proceedings. *Id.* at 693–94; *see Demore v. Kim*, 538 U.S. 510, 523 (2003).

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

### i. Liberty Interest

"Freedom from imprisonment—from government custody, detention, or other forms of physical restrain—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690 (citing *Foucha v. Louisiana*, 504 U.S. 71 (1992)). "Even where the revocation of a person's freedom is authorized by statute, that person may retain a protected liberty interest under the Due Process Clause." *Rico-Tapia v. Smith*, 806 F. Supp. 3d 1166, 1182 (D. Haw. 2025) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973); *Morrissey*, 408 U.S. at 481–82). An individual's liberty interest may be strengthened over time. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) (noting the Government's actions allowing petitioner to remain in the community for over five years strengthened their liberty interest).

Petitioner has a clear liberty interest. He has resided in the United States continuously for nearly two decades, he has grown up here from a teenager to a father. In that time, he has built a life: he has created a family with six minor children, works to support them and their mother, worships with his faith community, and has developed strong ties in New York. Even if he is subject to removal, or his freedom could be revoked by statute, Petitioner's liberty is still protected by the Due Process Clause. *See Hernandez*, 872 F.3d at 993, *Zadvydas*, 533 U.S. at 693.

Petitioner's liberty interest is not defeated by Respondents' assertion that Petitioner is an "applicant for admission" subject to mandatory detention under § 1225(b)(2). (ECF No. 9 at 2–

3.)  Courts throughout the Ninth Circuit, including this one, have repeatedly rejected Respondents' argument on the applicability of § 1225(b)(2) to persons like Petitioner residing in the United States.  *See e.g.*, *Hortua v. Chestnut, et al.*, No. 1:25-cv-01670-TLN-JDP, 2025 WL 3525916 at *3 (E.D. Cal. Dec. 9, 2025); *Armando Modesto Estrada-Samayoa v. Orestes Cruz, et al.*, No. 1:25-CV-01565-EFB, 2025 WL 3268280, at *4 (E.D. Cal. Nov. 24, 2025) (collecting cases).  "These courts examined the text, structure, agency application, and legislative history of 1225(b)(2) and concluded that it applies only to noncitizens 'seeking admission,' a category that does not include noncitizens like [Petitioner], living in the interior of the country."  *Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC (EMC), 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (collecting cases).  In comparison, "[t]he government's proposed reading of the statute (1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice."  *Lepe v. Andrews*, No. 1:25-CV-01163-KES-SKO (HC), 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (collecting cases).

Respondents have put forth no new arguments or facts justifying reconsideration in this case.[5]  Moreover, Respondents appear to have provided Petitioner with a document notifying him that he was being processed under "Section 236(a)" of the INA which equates to 8 U.S.C. § 1226(a), which undermines their position.  (ECF No. 9-1 at 15.)  For all the reasons above, the Court finds that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), rather his detention is governed by 8 U.S.C. § 1226(a).  Thus, Petitioner has a liberty interest in

[5]  Respondents primarily argue Petitioner has no right to freedom because his detention is mandated by statute.  (ECF No. 9 at 3 (citing *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953), *reaffirmed in DHS v. Thuraissigiam*, 591 U.S. 103, 139 (2020)).)  However, "*Thuraissigiam*'s discussion of due process is necessarily constrained to challenges to admissibility to the United States" and "[t]he Court answered no broader question."  *Padilla v. ICE*, 704 F. Supp. 3d 1163, 1171–72 (W.D. Wash. 2023).  *Thuraissigiam* "does not foreclose . . . due process claims which seek to vindicate a right to a bond hearing with certain procedural protections."  *Id.* at 1172.  Moreover, even if Petitioner is removable, or his liberty is revocable, he is still entitled to safeguards throughout those processes.  *See Hernandez*, 872 F.3d at 993; *Zadvydas*, 533 U.S. at 693; *Rico-Tapia*, 2025 WL 2950089, at *8.

his release from immigration detention protected by the Due Process Clause.

*ii. Process Required*

Having found Petitioner possesses a protected liberty interest, the Court next examines what process is necessary to ensure any deprivation of that interest accords with the Constitution. The Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). Due process rights in the immigration context "must account for the government's countervailing interests in immigration enforcement." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022). As set forth below, the *Mathews* factors support Petitioner's constitutional right to notice and a hearing before a neutral decisionmaker.

First, as explained above, Petitioner has a substantial private interest in his own liberty that is unquestionably affected by Respondents' actions detaining him. Despite his interest in maintaining his liberty, Petitioner has now been detained for three months, disconnected from his minor children and family, without any opportunity to be heard as to the justification of his detention. Accordingly, this factor weighs in favor of finding Petitioner's private interest has been impacted by his detention. *See Manzanarez v. Bondi*, No. 1:25-CV-01536-DC-CKD (HC), 2025 WL 3247258, at *4 (E.D. Cal. Nov. 20, 2025) (finding similarly).

Second, the risk of erroneous deprivation of that liberty interest is considerable where no process has been provided. Moreover, "[t]he risk of erroneous deprivation is significant where the government fails to follow its own procedures[.]" *Torres v. Hermosillo*, No. 2:25-CV-02687-LK, 2026 WL 145715, at *7 (W.D. Wash. Jan. 20, 2026). "Civil immigration detention, which is 'nonpunitive in purpose and effect,' is justified when a noncitizen presents a risk of flight or danger to the community." *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO, 2025 WL 2686866, at *6 (E.D. Cal. Sept. 18, 2025). Here, Petitioner is not subject to any order of removal; his immigration proceedings are still pending. Respondents do not contend that Petitioner is a

danger or a flight risk.  Without any showing that Petitioner's detention is justified, and without procedural safeguards such as a bond or custody redetermination hearing, the risk that Petitioner is being erroneously detained is exceedingly high.  *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).

Finally, the government's interest in detaining Petitioner without a hearing before a neutral decisionmaker is negligible.  *See Garcia v. Andrews*, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *5 (E.D. Cal. July 14, 2025).  Although the Court recognizes the government's interest in immigration enforcement, that interest does not outweigh all procedural safeguards.  Notice and custody determination hearings are routine processes for Respondents.  (Indeed, they are the very processes owed to Petitioner under 8 U.S.C. § 1226(a).[6])  Any delay in detention (if justified) for the time to provide notice and a hearing would have been minimal.  It would also be less of a fiscal and administrative burden for Respondents to return Petitioner home to await a determination on his immigration proceedings than to continue to detain him.  *See Diaz v. Kaiser*, No. 3:25-CV-05071, 2025 WL 1676854, at *3 (N.D. Cal. June 14, 2025) ("[T]he Ninth Circuit has recognized that the costs to the public of immigration detention are staggering.").

Upon consideration of the *Mathews* factors, the Court finds Petitioner was, at minimum, entitled to notice and an individualized hearing before a neutral arbitrator as to the justification for his detention.   Respondents have not provided any such custody or bond hearing.  Therefore Respondents have violated Petitioner's due process rights.

**IV.    CONCLUSION**

Petitioner is detained in violation of the Fifth Amendment and he must be released.  Accordingly, IT IS HEREBY ORDERED:

---

[6] Respondents argue, without any authority, that 8 U.S.C. § 1226(a) does not entitle Petitioner to a bond hearing because he was lawfully arrested.  (ECF No. 9 at 3.)  Respondents' contention is patently false.  Section 1226(a) of the INA and its implementing regulations afford the government broad discretion whether to release or detain the individual, but they also provide "extensive procedural protections" including several layers of review of the initial custody determination, "*an initial bond hearing before a neutral decisionmaker*", the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1202 (9th Cir. 2022) (emphasis added).

1. The Petititon for Writ of Habeas Corpus (ECF No. 1) is GRANTED.

2. Petitioner's Motion for Temporary Restraining Order (ECF No. 2) and Motion for Expedited Ruling (ECF No. 13) are denied as moot.

3. Respondents were ordered on April 23, 2026 to immediately release Petitioner Guillermo R.R. (A# 240-478-368) from custody under the same conditions he was released prior to his current detention. Respondents shall not impose any additional restrictions on him, unless such restrictions are determined to be necessary at a future pre-deprivation/custody hearing. Respondents were further ordered to return all of Petitioner's documents and possessions at the time of release.

4. **Respondents must file a notice certifying compliance with this Order by April 27, 2026.**

5. To avoid further irreparable harm and protect the public interest, Respondents are ENJOINED and RESTRAINED from re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where: (a) Respondents show material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that the government's interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs his constitutionally protected interest in remaining free from detention. *Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel present.

6. The Clerk of Court is directed to serve the **California City Correctional Center** with a copy of this Order.

7. The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Date: April 24, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

9